PHILLIP A. TALBERT
Acting United States Attorney
HENRY Z. CARBAJAL III
JEFFREY A. SPIVAK
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>FRANK A. BILAN,<br><br>                    Defendant. | CASE NO.  1:15-cr-00099 LJO-SKO<br><br>STIPULATION TO VACATE TRIAL DATE AND SET CHANGE OF PLEA HEARING; FINDINGS AND ORDER<br><br>DATE:  October 3, 2016<br>TIME:  8:30 a.m.<br>JUDGE: Hon. Lawrence J. O'Neill |

**STIPULATION**

The United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial on October 4, 2016 at 8:30 a.m.

2. By this stipulation, the parties now move to vacate the trial date and set the matter for change of plea as to defendant Frank A. Bilan for **October 3, 2016 at 8:30 a.m.** before Judge O'Neill, and to exclude time between the date of this stipulation and October 3, 2016 under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(G), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

3. The parties agree and stipulate, and request that the Court find the following:

   a. The defendant has executed a plea agreement with the government, which has been

1

filed with the Court.

    b.    Defendant Frank A. Bilan will not have the funds or ability to travel to Fresno, California for the change of plea hearing until October 3, 2016, has requested October 3, 2016 as the first convenient date for travelling to Fresno for a change of plea hearing, and so moves for a change of plea hearing on October 3, 2016, at 8:30 a.m.  As the defendant does not intend on going to trial, the parties request that the trial date, and all other corresponding Court dates be vacated.  Vacating the trial date and pretrial order deadlines will conserve judicial resources as it will avoid the scheduling of a jury panel, the consideration of pretrial filings, and the transportation of witnesses, among other trial preparations, for a case that has been resolved by plea agreement.  Moreover, the twenty-day continuance for the change of plea hearing will allow the defendant to continue to consult with counsel regarding his change of plea, and to prepare for and attend his change of plea hearing.

    c.    By previous Court order, Dkt. No. 27, time was excluded under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., through and including October 4, 2016 for *inter alia* trial preparation.  In an abundance of caution, the parties also request that time be excluded under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., from the date of this stipulation through and including October 3. 2016, to allow the defendant to continue to consult with counsel regarding his change of plea, to prepare for and attend his change of plea hearing, and to obtain funds and transportation to travel to Fresno for the change of plea hearing.

    d.    Counsel for defendant believes that failure to grant the above-requested continuance/time exclusion would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e.    The government does not object to, and agrees to, the continuance/time exclusion.

    f.    Based on the above-stated findings, the ends of justice served by continuing the case

as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation to October 3, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(G), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED:     September 13, 2016

/s/Megan T. Hopkins
MEGAN T. HOPKINS
Counsel for Defendant
FRANK A. BILAN

DATED:     September 13, 2016

/s/ Henry Z. Carbajal III
HENRY Z. CARBAJAL III
Assistant United States Attorney

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**O R D E R**

Request granted.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation to October 3, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(G), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  At the request of the parties, the October 4, 2016 trial date and all other corresponding Court dates in the above case are **VACATED**.  The Court notes that it usually does NOT vacate trial dates until the change of plea occurs.  Based on what has been presented, the Court will make an exception in this case.  That said, should the change of plea not occur, the Court will commence the trial within three weeks of the date now set for the change of plea.

IT IS SO ORDERED.

Dated:   **September 15, 2016**          **/s/ Lawrence J. O'Neill**
                                         UNITED STATES CHIEF DISTRICT JUDGE

4